## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-331-F |
| | ) | |
| DR. R. PARTYKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing pro se, brings this action pursuant to 28 U.S.C. §§ 1331, 1346, and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging various violations of his constitutional rights, and he also brings claims under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.  Pursuant to an order entered by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Upon conducting an initial review of the complaint, the undersigned finds that the action should be dismissed upon filing for failure to state a claim and for lack of personal jurisdiction over Defendant Partyka.

In his amended complaint, Plaintiff names as Defendants Dr. R. Partyka, who he alleges is a citizen of Butner, North Carolina and employed as a psychologist – apparently at the Butner Federal Correctional Complex (Butner); and Joseph Keffer, who he alleges is a citizen of Oklahoma City and employed as Warden of the Federal Transfer Center here in Oklahoma City.

Plaintiff's Amended Complaint begins with an epigraph quoting loosely from Shakespeare's <u>The Merchant of Venice</u>.[1]  As Plaintiff describes it, this is a "Valentines Day cause," and he indeed includes a Ninth Amendment claim for the violation of his "right to love."  Amended Complaint, p. 1, 5.  A reading of the complaint in its entirety reveals that the genesis of Plaintiff's complaint was his apparent confinement to the segregated housing unit at Butner after being accused of stalking his prison psychologist, Defendant Partyka.  Amended Complaint, p. 1-3.

Plaintiff states that he was confined from December 28, 2006, to February 14, 2007, in the segregated housing unit (SHU) at "LSCI Butner," which is apparently a low security institution at the Butner Correctional Complex,[2] but alleges he was never charged nor given an incident report.  Amended Complaint, p. 2 ¶ 1-2.  However, he later

---

[1]The actual words of Shakespeare are:

In Belmont is a lady richly left,
And she is fair, and, fairer than that word,
Of wondrous virtues: sometimes from her eyes
I did receive fair speechless messages:
Her name is Portia; nothing undervalu'd
To Cato's daughter, Brutus' Portia:
Nor is the wide world ignorant of her worth,
For the four winds blow in from every coast
Renowned suitors; and her sunny locks
Hang on her temples like a golden fleece;
Which makes her seat of Belmont Colchos' Strond,
And many Jasons come in quest of her.
O my Antonio! had I but the means
To hold a rival place with one of them,
I have a mind presages me such thrift,
That I should questionless be fortunate.

William Shakespeare, <u>The Merchant of Venice</u>, act 1 sc. 1, l. 163-78 (New York: Bartleby.com, 2000)(accessed Aug. 21, 2007).

[2]See Federal Bureau of Prisons, Prison Facilities <http://www.bop.gov/locations /institutions/bux/index.jsp> (accessed Aug. 8, 2007).

states that he was accused of stalking, a charge stemming from poetry and fiction stories he wrote to Defendant Partyka. Id. at ¶ 3-4. Plaintiff alleges that he was told not to have contact with Defendant Partyka unless "it related to Psychology," and that while in segregation, he wrote requests to staff that were kept from her, read and ridiculed by the segregation unit staff, and that requests to staff directed to others were shredded. Id. at 3. He alleges that Partyka was told to have no contact with him until the investigation was over, but that she was never told that the investigation was over. Amended Complaint, p. 3 ¶ 7. Plaintiff claims that one of the requests to staff written to Defendant Partyka included his only copy of a motion under 28 U.S.C. § 2255 and "contained exhibits and evidence of actual innocen[ce]." Id. at ¶ 6. Plaintiff alleges that he was being persecuted for feeling and thinking, and apparently being in love with Defendant Partyka. Id. at ¶ 10.

Plaintiff also alleges that while in transit on February 15, 2007, apparently between Butner and his current facility in Yazoo, Mississippi, he "requested all records relating to his transit about him or that mentioned his name to Joe Keffer of the Bureau of Prisons via cop out under the Freedom of Information and Privacy Act." Amended Complaint, p. 3 ¶ 13. He claims that Defendant Keffer "did not provide the requested records and in fact ignored [Plaintiff's] requests for responsive records." Id.

Plaintiff claims that since his § 2255 motion was "confiscated and never returned," his right of access to the courts was violated and denied. Amended Complaint, p. 4. He claims that Defendant Partyka is liable in this case "because she failed to protect [Plaintiff] from the unlawful behavior of her coworkers when she should have known

that [his] cop out requests and legal pleadings were being curtailed as it was common knowledge amoung Butner staff members ... and ignoring this fact constituted deliberate indifference to [his] rights."  Amended Complaint, p. 4.

In Count 1 of his Amended Complaint, Plaintiff alleges a violation of his Ninth Amendment rights, in particular his right to love.  Id. at 5.  In Count 2, Plaintiff alleges that his rights to due process and free thought were damaged in violation of the First and Fifth Amendments.  In Counts 3 and 4, Plaintiff claims that the Freedom of Information Act and the Privacy Act were violated when Defendant Keffer failed to provide the records he requested.  Id. at 5.

## I.  SCREENING REQUIREMENT

"The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a). Upon such review, the Court shall dismiss any complaint, or any portion thereof, which "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).   Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must also dismiss a cause of action filed *in forma pauperis* against any defendant at any time it determines one of the above is present.

## A. FOIA and Privacy Act Claims Against Defendant Keffer

Under both the Freedom of Information Act and the Privacy Act, an individual may, in certain circumstances, bring a civil action against an agency.  The agency itself,

4

however, is the only proper defendant in such suits.  Petrus v. Bowen, 833 F.2d 581, 582 (5th Cir. 1987) ("Neither the Freedom of Information Act nor the Privacy Act creates a cause of action for a suit against an individual employee of a federal agency.").  To the extent that Plaintiff is attempting to assert a cause of action against Defendant Keffer or any individual employee of the Bureau of Prisons under either of these acts, he has failed to state a claim and it is recommended that Counts 3 and 4 be dismissed.

**B.  Plaintiff's Claim Under the Ninth Amendment**

In Count 1, Plaintiff alleges violation of his rights under the Ninth Amendment, including his "right to love."   Amended Complaint, p. 5. The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  The Ninth Amendment is not an independent source of individual rights; rather, it provides a "rule of construction" that is applied in certain cases. See United States v. Bifield, 702 F.2d 342, 349 (2d Cir. 1983). The rule dictates that the "[t]he full scope of the specific guarantees [in the Constitution] is not limited by the text, but embraces their purpose." Id.; Jenkins v. C.I.R.  483 F.3d 90, 92-93 (2d Cir. 2007), petition for cert. filed, No. 06-1624, 75 U.S.L.W. 3678 (June 4, 2007). The Tenth Circuit Court of Appeals has held that because other amendments, such as the Eighth Amendment, specifically address the mistreatment of prisoners, Ninth Amendment claims are indisputably meritless. Parnisi v. Colo. State Hosp., No. 92-1368, 1993 WL 118860, at *1 (10th Cir. Apr. 15, 1993).[3]  Accordingly, Plaintiff's claim in Count 1 should be dismissed for failure to state a claim upon which relief can be granted.

---

[3]This and any other unpublished decision is cited solely for its persuasive value in accordance with Tenth Circuit Rule 32.1

**C.  Lack of Personal Jurisdiction Over Defendant Partyka**

Finally, it is recommended that Plaintiff's claims in Count 2 against Defendant Partyka be dismissed for lack of personal jurisdiction.  Although § 1915 contains no express authorization for a dismissal based on lack of personal jurisdiction, the Tenth Circuit Court of Appeals has held that a district court may, in certain limited circumstances, properly dismiss an action sua sponte under § 1915 based on an affirmative defense. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006), cert. denied, 127 S. Ct. 675 (2006); Fratus v. DeLand, 49 F.3d 673, 674-75 (10th Cir. 1995). These precedents are consistent with the Supreme Court's description of congressional intent in enacting § 1915:

> Section 1915(d) [the pre-curser to § 1915(e)] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Neitzke v. Williams,  490 U.S. 319, 327 (1989).  Even though the lack of personal jurisdiction is an affirmative defense which can be waived if not properly raised, see Fed.R.Civ.P. 12(h)(1), the Tenth Circuit Court of Appeals has concluded "that a district court may . . . dismiss under § 1915 for lack of personal jurisdiction and for improper venue[.]"  Trujillo v. Williams, 465 F.3d 1210, 1216-1217 (10th Cir. 2006).  Courts are cautioned, however, that such sua sponte dismissals are appropriate "only when the defense is obvious from the face of the complaint and no further factual record is

required to be developed." Id. at 1217 (quotations and citations omitted).  As with any sua sponte dismissal, district courts "may dismiss under § 1915 only if it is clear that [the plaintiff] can allege no set of facts to support personal jurisdiction or venue." Id. (internal quotations and citation omitted).

On its face, the Amended Complaint as against Defendant Partyka is subject to dismissal based upon lack of personal jurisdiction.  To determine whether a federal court has personal jurisdiction over a defendant, the Court must consider "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." Peay v. BellSouth Med. Assistance Plan, 205 F.3d 1206, 1209 (10th  Cir. 2000) (quotations omitted).  Section 1983, which allows civil rights actions against defendants acting under color of state law, does not, by itself, confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims.  See Trujillo, 465 F.3d at 1217.  There is also no federal statute governing the service of process in cases brought pursuant to Bivens.  See Hill v. Pugh, No. 02-1561, 75 Fed.Appx. 715, 718-19 (10th Cir. Sept. 11, 2003) (applying due process principles in determining personal jurisdiction over non-resident defendants).  In the absence of a specific federal statute governing personal jurisdiction, Fed. R. Civ. P. 4(k)(1)(A) refers courts to the jurisdictional statutes of the forum state.  Oklahoma's "long-arm statute," Okla. Stat. tit. 12 § 2004(F)), "authorizes jurisdiction coextensive with the Due Process Clause[.]" United States v. Bigford, 365 F.3d 859, 873 n.11 (10th Cir. 2004).  "Therefore, if jurisdiction is consistent with the Due Process Clause, Oklahoma's long arm statute authorizes jurisdiction over a nonresident

defendant." <u>Williams v. Bowman Livestock Equip.</u> Co., 927 F.2d 1128, 1131 (10th Cir. 1991).

The exercise of jurisdiction over a nonresident defendant comports with due process "'so long as there exist minimum contacts between the defendant and the forum State.'" <u>Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.</u>, 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 291 (1980)). The minimum contacts necessary for specific personal jurisdiction may be established where "the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." <u>In re Application to Enforce Admin. Subpoenas Duces Tecum of SEC v. Knowles</u>, 87 F.3d 413, 418 (10th Cir. 1996) (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985)). The minimum contacts standard is also satisfied, and a court may maintain personal jurisdiction over a nonresident defendant, based on the defendant's "continuous and systematic" general business contacts with the forum state. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 415 (1984) (quoting <u>Perkins v. Benguet Consol. Min. Co.</u>, 342 U.S. 437, 438 (1952).

In the instant case, nothing in Plaintiff's Amended Complaint demonstrates that this Court's exercise of jurisdiction over Defendant Partyka, an employee of a federal correctional facility in North Carolina, would satisfy the requirements of the Due Process Clause. Plaintiff has alleged no facts suggesting that Defendant Partyka has purposely directed activities toward this jurisdiction, that Count 2 is based upon activities that arise

out of or relate to any contacts of Defendant Partyka with Oklahoma, or that Defendant Partyka has engaged in systematic and continuous activity in Oklahoma.  Moreover, given the nature of the claims against Defendant Partyka, it does not appear that Plaintiff could allege facts sufficient to support such a conclusion.  Accordingly, the undersigned finds that Plaintiff has failed to make allegations showing that this Court's exercise of personal jurisdiction over Defendant Partyka would be in conformity with principles of due process.

This Court could, however, sua sponte cure a jurisdictional defect by transferring the suit under 28 U.S.C. § 1631;  such a transfer would be proper if it were in the interests of justice.  See Trujillo, 465 F.3d at 1222.  The Tenth Circuit Court of Appeals has enumerated several factors a court should consider when deciding whether to transfer instead of dismissing the case:

> We note that factors warranting transfer rather than dismissal, at least under § 1631, include finding that the new action would be time barred; that the claims are likely to have merit; and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper[.]

Id. at 1223 n.16 (internal quotations and citations omitted).  In this case, Plaintiff alleges that his claims arose no earlier than December 28, 2006.  Accordingly it is unlikely that the statute of limitations will have run before Plaintiff could file an action against Defendant Partyka in the appropriate court.  The undersigned also notes that Plaintiff's allegations against Defendant Partyka are conclusory at best, and arguably fail to allege any personal participation in the acts underlying his claim, that is the failure of SHU personnel to forward his requests to staff to her.  His allegation that she "should have

known" this was happening because it "was common knowledge" among the staff is legally insufficient, especially given his earlier allegation that she was told "not to have any contact with [Plaintiff] until the investigation was over" and she was "never told that the investigation was over."  <u>See</u> Amended Complaint, p. 3, 4.  Finally, transfer of this case to the appropriate court for purposes of Plaintiff's claim against Partyka raises another potential problem in the event he pursues claims under FOIA and the Privacy Act.  Under both FOIA and the Privacy Act, venue is proper in the district where claimant resides, in the district where agency records are situated, or in the District of Columbia. 5 U.S.C. §§ 552(a)(4)(B),  552a(g)(5).  Although it is unclear which of the three venues would be proper, because such is dependent in part upon what documents are sought, the applicable Bureau of Prisons policy appears to indicate that the records of current inmates are available at the institution where they are housed.  U.S. Dep't of Justice, Bureau of Prisons Program Statement 1351.05, §§ 513.40, 513.50, 513.60-68, http://www.bop.gov/DataSource/execute/dsPolicyLoc (accessed Aug. 8, 2007).  At the time this action was filed until the present, Plaintiff has been housed at a federal correctional facility in Yazoo City, Mississippi.  In any event, the fact that Plaintiff has joined his claims against Defendant Partyka with a FOIA and Privacy Act claim militate against transfer, which would perhaps create yet another venue problem.  Therefore, in view of the particular facts in this case, transferring this action to a proper forum would not serve the interests of justice and could, in fact, be a waste of judicial resources.  It is therefore recommended that Plaintiff's claims against Defendant Partyka be dismissed

without prejudice. <u>See</u> <u>Brereton v. Bountiful City Corp.</u>, 434 F.3d 1213, 1219 (10th Cir. 2006) (jurisdictional defect calls for dismissal without prejudice).

## <u>RECOMMENDATION</u>

For the reasons set forth above, it is recommended that Counts 1, 3, and 4 of Plaintiff's complaint be dismissed for failure to state a claim, and Count 2 be dismissed without prejudice for lack of personal jurisdiction over Defendant Partyka. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 10, 2007, in accordance 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States</u>, 950 F. 2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter. The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma.

Entered this 21st day of August, 2007.


DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE